■ In the Matter of HART'S HILL INN, INC., Petitioner, v STATE LIQUOR AUTHORITY, Respondent.—Determination unanimously confirmed, without costs. Memorandum: This is an article 78 proceeding to review a determination of the State Liquor Authority which found that petitioner had violated subdivision 4 of section 100 of the Alcoholic Beverage Control Law because it operated more than one stand-up bar on the premises. The authority imposed the penalty of a 10-day deferred suspension together with a $500 bond claim. The statute provides that only one "bar, counter or similar contrivance" shall be permitted on any licensed premises without the payment of an additional fee, "except that temporary portable bars, counters or contrivances" shall be permitted for private parties (Alcoholic Beverage Control Law, § 100, subd 4). The bar in question was being operated in a back dining room during a private party. It was described as 35 to 40 feet long with a carpeted step to rest feet on and it had a back bar fully stocked with various alcoholic beverages. On the night in question there were as many as seven bartenders working at the same time behind the bar and three cash registers were in use. The bar is not movable but is used as a serving counter when drinks are not served, and the back bar may be closed at such times and the bar used for display purposes. Petitioner contends that this structure is primarily used as a "counter" and was only temporarily used as a bar on the day in question and, therefore, does not violate the statute. Whatever other occasional uses may be made of it, it seems clear that the facility is a bar. Its use may have been temporary but the construction was not nor was the facility portable within the definition of the statute. (Review of determination suspending restaurant liquor license, transferred by order of Oneida Special Term.) Present—Marsh, P. J., Caradmone, Simons, Goldman and Witmer, JJ.